IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-365-D

| | | |
|---|---|---|
| RITA R. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GREEN POINT MORTGAGE FUNDING, | ) | |
| BANK OF AMERICA HOME LOANS, LP, | ) | |
| f/k/a COUNTRYWIDE HOME LOANS | ) | |
| SERVICING LP, and MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

On September 8, 2010, pro se plaintiff Rita R. Thomas ("Thomas" or "plaintiff") filed suit against Green Point Mortgage Funding ("Green Point"), Bank of America Home Loans, LP ("BOA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "defendants") [D.E. 1]. Thomas alleges that when she obtained a mortgage loan from Green Point, Green Point made various disclosure violations under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, and the Federal Reserve Board's Regulation Z, 12 C.F.R. § 226.1–.58. See Compl. 1–2. Thomas alleges the loan is currently serviced by BOA, that BOA violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, and that MERS is "listed as nominee for the lender." Id. at 2–3. Thomas seeks rescission of the loan, money damages, and injunctive relief. Id. at 5–6. On November 11, 2010, BOA and MERS filed a joint motion to dismiss [D.E. 11] pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). BOA & MERS Mem. Supp. Mot. Dismiss 2. BOA also moves for dismissal pursuant to Rule 12(b)(4) and (5). Id. at 10.

On November 29, 2010, Green Point filed a motion to dismiss pursuant to Rule 12(b)(4), (5), and (6) [D.E. 13]. On December 9 and 20, 2010, Thomas responded in opposition to the motions to dismiss [D.E. 17–18]. On December 27, 2010, the defendants replied [D.E. 19–20]. For the reasons stated below, the court dismisses the complaint with prejudice.

I.

Green Point and BOA argue that plaintiff's complaint should be dismissed for insufficiency of service of process in that plaintiff failed to serve them in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure. Rule 4(h) provides in part:

> Unless . . . the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h). Rule 4(e)(1) adopts the service requirements of state law "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4(j)(6), (7), and (8) of the North Carolina Rules of Civil Procedure sets forth the manner in which a party must serve process on a corporation, partnership, or other unincorporated association in North Carolina. See N.C. R. Civ. P. 4(j)(6)–(8). Thomas "contends that process of service was sufficient." Pl.'s Sur-Reply 1. However, Thomas has not filed a waiver of service or proof of service. See Fed. R. Civ. P. 4(d)(4), (l)(1). A plaintiff's pro se status does not excuse a failure to serve process in accordance with the Federal Rules of Civil Procedure. See, e.g., Cherry v. Spence, 249 F.R.D. 226, 228–29 (E.D.N.C. 2008). Moreover, absent proper service of process, the court lacks personal jurisdiction over defendants BOA and Green Point. See, e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

2

Furthermore, even if BOA and Green Point have actual notice of the lawsuit, process still must be served in accordance with the Federal Rules of Civil Procedure. See, e.g., Wilson v. Kenny, 941 F.2d 1208, 1991 WL 157262, at *2–3 (4th Cir. 1991) (per curiam) (unpublished table decision) (collecting cases); Ryals v. Hall-Lane Moving & Storage Co., 122 N.C. App. 242, 247, 468 S.E.2d 600, 604 (1996). Because Thomas has failed to serve process on both Green Point and BOA in accordance with the Federal Rules of Civil Procedure, Green Point and BOA's motions to dismiss are granted and the complaint against Green Point and BOA is dismissed without prejudice. See, e.g., Fed. R. Civ. P. 4(m); Cherry, 249 F.R.D. at 229–30.

MERS moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555); see Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Thomas's claims against MERS are difficult to ascertain. The complaint appears to claim a right of rescission against MERS and allege MERS intentionally inflicted emotional distress. Compl. 3 ("A rescission Letter was sent to the parties involved . . . ."), 6 ("Punitive damages for harassment, emotional distress and displacement."). Thomas also claims MERS "does not have standing as Nominee," id. at 3, although it is unclear for what MERS lacks standing.

As for Thomas's TILA rescission claim, TILA defines a "creditor" as "only . . . a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f). MERS, however, is not a "creditor" according to section 1602(f), because MERS is not "the person to whom the debt arising from [the mortgage loan] is initially payable" on the face of the loan documents. See 15 U.S.C. § 1602(f); Cetto v. LaSalle Bank Nat'l Ass'n, 518 F.3d 263, 269–73 (4th Cir. 2008). Thomas obtained the loan from Green Point. Compl. 1. Accordingly, Thomas has failed to state a claim of rescission against MERS under TILA.

As for Thomas's claim of intentional infliction of emotional distress ("IIED"), she must show: (1) that MERS engaged in extreme and outrageous conduct; (2) that the conduct was intended to cause severe emotional distress; and (3) that the conduct in fact caused severe emotional distress. See Waddle v. Sparks, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). To be considered "extreme and outrageous" the conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Whether conduct qualifies as "extreme and outrageous" is a question of law for the court. See, e.g., Lenins

4

v. K-Mart Corp., 98 N.C. App. 590, 599, 391 S.E.2d 843, 848 (1990).

Thomas fails to allege any act or omission by MERS, much less an act that is "extreme and outrageous" under North Carolina law. Thus, the IIED claim against MERS is not plausible under Iqbal and Twombly, and is dismissed.

II.

In sum, the court GRANTS the motions to dismiss [D.E. 11, 13]. Plaintiff's complaint is DISMISSED without prejudice.

SO ORDERED. This 16 day of June 2011.

JAMES C. DEVER III
United States District Judge

5